Filed
D.C. Superior Court
03/28/2022 14:16PM
Clerk of the Court

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| TEDDY MENDOZA<br>5906 Cove Landing Rd., #203<br>Burke, VA. 22015<br><br>THE ESTATE OF VALERIE HALE<br>P.R. Alisha A Robertson<br>8010 Boundary Drive<br>District Height, MD 20747<br><br>     Plaintiffs,<br><br>     v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 5th Street, NW<br>Washington, DC 20001<br><br>     Defendant. | Case No. 2022 CA 001366 B<br><br>JURY TRIAL DEMANDED |

COMPLAINT

Teddy Mendoza, ("Mr. Mendoza") and The Estate of Valerie Hale ("Estate") by and through counsel, Monique L. Lee, Christopher Getty, and **CHASEN**BOSCOLO INJURY LAWYERS, moves for judgment against the Defendant WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY ("WMATA") for the negligent operation of a train on June 3, 2019 and in support thereof states as follows:

PARTIES

1. Mr. Mendoza is a 43 year old male resident of the Commonwealth of Virginia.

2. Ms. Valerie Hale was a female resident of Laurel, Prince George's County, Maryland. Ms. Hale is now deceased. The Estate of Valerie Hale was created to administer the estate of Ms. Valerie Hale.

3. According to information and belief, the Washington Metropolitan Area Transit Authority ("WMATA") is an entity created according to an interstate compact between the

EXHIBIT A

Commonwealth of Virginia, the State of Maryland, and the District of Columbia. The compact has the approval of the United States Congress.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is founded upon D.C. Code 11-921, et seq, 2001 edition, as supplemented.

5. Jurisdiction of this Court is founded upon D.C. Code 13-423, et seq, 2001 edition as supplemented.

## STATEMENT OF FACTS

6. On or about June 3, 2019, at approximately 11:44 a.m. (referred to in this section as "that time"), Mr. Mendoza was a contractor working to guard boxes of money collected from WMATA stations onto a WMATA train at Metro Center Station located in the District of Columbia.

7. At that time, Ms. Hale was also a contractor working to guard boxes of money collected from WMATA stations onto a WMATA train at Metro Center Station located in the District of Columbia.

8. At that time, the WMATA train was operated by agents of the Defendant WMATA.

9. At that time, agents of WMATA had disabled the alarm that signaled whether the train doors were open or closed.

10. At that time, as Mr. Mendoza was boarding the train, the operator of the train chose to leave the platform without confirming that all contractors were safely onboard and that the doors were shut.

11. At that time, Mr. Mendoza suffered injuries when the sudden acceleration of the train forced his body against the open door in the WMATA train.

12. At that time, as Ms. Hale was boarding the train, the operator of the train chose to leave the platform without confirming that all contractors were safely onboard and that the doors were

shut.

13. At that time, Ms. Hale suffered injuries when the doors closed on her body and when she was thrown about by the sudden acceleration.

14. At that time, Mr. Mendoza, Ms. Hale and others notified the train operator through the intercom that the doors were open and not all contractors had fully boarded the train.

15. At that time, the train operator failed to keep a proper lookout for persons entering the train.

16. At that time, the train operator failed to pay full attention to the surroundings.

17. It was the train operator's duty to observe all rail safety rules in effect.

18. It was the train operator's duty to see persons in or near the doors who were there to be seen.

19. It was the train operator's duty to avoid distractions while operating the train.

20. It was the train operator's duty to watch for persons entering the train.

21. It was the train operator's duty to react to changing circumstances regarding the operation of the train.

22. It was the train operator's duty to keep the train under control as to not injure any passengers or other persons onboard or nearby.

23. It was the train operator's duty to operate the train at a safe speed for the conditions at hand.

24. The train operator breached these duties by failing to observe all rail safety rules in effect.

25. The train operator breached these duties by failing to see persons in or near the doors who were there to be seen.

26. The train operator breached these duties by failing to avoid distractions while operating the train.

27. The train operator breached these duties by failing to watch for persons entering the train.

28. The train operator breached these duties by failing to react to changing circumstances regarding the operation of the train.

29. The train operator breached these duties by failing to keep her vehicle under control as to not injure any passengers or other persons onboard or nearby.

30. The train operator breached these duties by failing to operate the train at a safe speed for the conditions at hand.

31. As a direct and proximate result of Defendant WMATA's agent's negligence, Mr. Mendoza suffered severe, permanent, and uncompensated damages. These damages include past, present, and future pain, suffering, immobility and disfigurement. These damages caused and continue to cause Mr. Mendoza to expend great sums of money for hospitals, physicians, and related care and treatment. Mr. Mendoza suffers from mental and emotional damages, including isolation, loss of mobility, anger, humiliation, fright, and anguish. Further, Mr. Mendoza lost and continues to lose wages and business opportunities, as well as earning capacity.

32. As a direct and proximate result of Defendant WMATA's agent's negligence, Ms. Hale suffered severe, uncompensated damages. These damages include past pain, suffering, immobility and disfigurement. These damages caused Ms. Hale to expend great sums of money for hospitals, physicians, and related care and treatment. Ms. Hale suffered from mental and emotional damages, including isolation, loss of mobility, anger, humiliation, fright, and anguish. Further, Mr. Hale lose wages and business opportunities, as well as earning capacity.

33. Mr. Mendoza and Ms. Hale neither contributed to any violations of the rail safety rules which caused this incident nor assumed the risk of the injuries sustained.

34. On December 11, 2019, Ms. Hale passed away and her estate assumed all rights to recover that Ms. Hale would otherwise possess were she alive.

## STATEMENT OF CLAIMS

### COUNT I – NEGLIGENCE (AGENCY) AGAINST WMATA – TEDDY MENDOZA

35. Mr. Mendoza incorporates the allegations of paragraphs one through thirty four (34) above

and, in addition, avers that Defendant WMATA is liable for the conduct of its agent or agents in this matter that constitutes negligence justifying an allowance of monetary damages against Defendant WMATA.

### COUNT II – NEGLIGENCE (AGENCY) AGAINST WMATA – ESTATE OF VALERIE HALE

36. The estate of Valerie Hale incorporates the allegations of paragraphs one through thirty five (35) above and, in addition, avers that Defendant WMATA is liable for the conduct of its agent or agents in this matter that constitutes negligence justifying an allowance of monetary damages against Defendant WMATA.

### PRAYER FOR RELIEF

**WHEREFORE**, **TEDDY MENDOZA** demands judgment against Defendant **WMATA** for the sum of ONE MILLION DOLLARS ($1,000,000) for compensatory damages, plus costs, pre-judgment and post-judgment interest, and for such other and further relief as the nature of this case may require, and **THE ESTATE OF VALERIE HALE** demands judgment against Defendant **WMATA** for the sum of ONE MILLION DOLLARS ($1,000,000) for compensatory damages, plus costs, pre-judgment and post-judgment interest, and for such other and further relief as the nature of this case may require.

### JURY DEMAND

Teddy Mendoza and the Estate of Valerie Hale demand a trial by jury on all issues presented.

Respectfully submitted,

**CHASEN**BOSCOLO INJURY LAWYERS

By:     /s/ Monique L. Lee
Monique L. Lee
DC Bar Number: 241027
MLee@chasenboscolo.com

7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile:  (301) 474-1230
Counsel for Mr. Mendoza and the Estate of Valerie Hale

/s/ Christopher Getty
Christopher Getty
DC Bar Number: 1671440
MLee@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
Counsel for Mr. Mendoza and the Estate of Valerie Hale